IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA R. ESQUER-DAVIS, an individual, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-22-546-J |
| | ) | (*formerly Canadian County District* |
| (2) PROGRESSIVE INSURANCE | ) | *Court, Case No.:  CJ-2022-278*) |
| COMPANY, a foreign for profit insurance | ) | |
| corporation, and/or (3) PROGRESSIVE | ) | |
| DIRECT INSURANCE COMPANY, a | ) | |
| foreign for profit insurance corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § § 1441 and 1446, Defendant, Progressive Direct Insurance

Company ("Progressive Direct"), the only viable Defendant in this litigation[1], hereby

removes the above-captioned action from the District Court of Canadian County, State of

Oklahoma, to this Court. In accordance with LCvR 81.2, a copy of the State Court docket

sheet, as well as all documents filed or served in the State Court action, are attached hereto

as **EXHIBITS 1-4**.

The removal of this case to federal court is based on the following:

---

[1] "Progressive Insurance Company" is a nonexistent entity. As set forth below, Plaintiff was insured through a policy of insurance issued by Progressive Direct Insurance Company. As a result, Progressive Direct is the only entity that may remove this matter to this Court.

## FACTUAL BACKGROUND

1.      Plaintiff alleges that on or about May 10, 2022, his cousin, Alondara Jara-Esquer, was involved in an automobile accident with a non-party resulting in the destruction of Plaintiff's 2017 Nissan Sentra.  (*See* Petition ¶11, **EXHIBIT 2**.)

2.      Plaintiff alleges at the time of the May 10, 2022 accident, that the 2017 Nissan Sentra was insured with Progressive Direct.  (*See* Petition ¶¶ 8 and 9, **EXHIBIT 2**.)

3.      Specifically, in May 2022, Plaintiff's 2017 Nissan Sentra (VIN 3N1AB7APXHY217112) was insured with Progressive Direct under an automobile insurance policy designated as policy number 935357449 (the "Policy"). The Policy provides comprehensive and collision coverage limited to the actual cash value of the 2017 Nissan Sentra with a $1,000.00 deductible. (*See* Declarations Page for the Policy, **EXHIBIT 5**.)

4.      On or about May 10, 2022, Plaintiff alleges he notified Progressive of the subject accident and made a claim for collision coverage pursuant to the Policy. (*See* Petition ¶ 16, **EXHIBIT 2**.)

5.      Plaintiff alleges on or about May 23, 2022, Progressive denied Plaintiff's claim for collision coverage.  (*See* Petition ¶ 19, **EXHIBIT 2**.)

6.      Wasting no time, on June 3, 2022, Plaintiff filed the present action in the District Court of Canadian County, State of Oklahoma, alleging that Progressive Direct breached the contract of insurance and did so in bad faith. (*See* Petition ¶¶ 22-34, **EXHIBIT 2**.)

7.     Plaintiff seeks unspecified breach of contract damages, "*plus* all applicable compensatory damages, costs, pre- and post-judgment interest, punitive damages, emotional distress damages, attorney's fees, and any other or further relief as may be deemed appropriate. . ." in an amount in excess of $10,000.00. (*See* Petition, WHEREFORE Clause, p. 8, **EXHIBIT 2**.)

COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.     "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

9.     At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

10.     However, as of the moment Plaintiff filed his lawsuit, there existed diversity jurisdiction. As shown below, pursuant to 28 U.S.C. § 1332(a)(1), this action is a civil action over which this Court has original jurisdiction. It is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Petition, ¶ 1, **EXHIBIT 2**; Declarations Page, **EXHIBIT 5**.) Plaintiff was not a citizen of the State of Ohio. *See Grupo Dataflux v. Atlas Global*

3

*Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).

12.     Plaintiff's Petition names Progressive Insurance Company and Progressive Direct Insurance Company as the defendant insurers.  (*See generally*, Petition, **EXHIBIT 2**.)

13.     However, Progressive Insurance Company is a non-existent entity.  Thus, the Court may properly disregard that entity for purposes of complete diversity of citizenship. *Davis v. OneBeacon Ins. Group.*, 721 F.Supp.2d 329, 337 (D.N.J. 2010) ("'[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, **nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship**.'"  *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 4506298, at *2, 2009 U.S. Dist. LEXIS 110706, at *4 (S.D. Ill. Nov. 26, 2009).  Because the court concludes, based on the record before it, that OneBeacon is a non-existent entity, removal to this Court need not depend upon OneBeacon's participation, consent or citizenship."); *See also Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975) (noting that district court denied motion to remand because named defendant "was only a trade name and not a legal entity"); *Schwartz v. CNA Ins. Co.*,1:04CV1749, 2005 WL 3088570, at *4 (N.D. Ohio Nov. 17, 2005) (denying motion to remand because named defendants were trade names for conglomerate of insurance companies and real parties in interest were insurance companies identified in insurance contracts).

14.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place

of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

15.    At the time of filing, Progressive Direct was a foreign corporation, incorporated under the laws of the State of Ohio with its "nerve center" or "principal place of business" in Ohio.  (*See* Annual Statement, **EXHIBIT 6**.)  Thus, Progressive Direct was deemed to be a citizen of the State of Ohio.  Progressive Direct was not a citizen of the State of Oklahoma.

16.    As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

17.    Diversity jurisdiction also requires the amount in controversy to exceed $75,000.00.  *See* 28 U.S.C. § 1332.  This requirement is also met.

18.    Plaintiff's Petition, on its face, places the value of the 2017 Nissan Sentra as the contractual damages at issue. Plaintiff purchased the Nissan Sentra for $19,055.00 on or about April 22, 2017. (*See* Oklahoma Tax Commission records for the Nissan Sentra, **EXHIBIT 7**.)  As a result, Plaintiff is seeking at least $18,000.00 in contractual damages after accounting for the $1000.00 deductible, "*plus* all applicable compensatory damages, costs, pre- and post-judgment interest, punitive damages, emotional distress damages, attorney's

fees, and any other or further relief as may be deemed appropriate by this Court which is an

amount that exceeds $10,000.00."[2]  (*See* Petition, WHEREFORE Clause, p. 8, **EXHIBIT 2**.)

19.    It is well recognized that a plaintiff "should not be permitted to ostensibly limit

their damages to avoid federal court only to receive an award in excess of the federal amount

in controversy requirement."  *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006).  In *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, the United States Supreme Court held that

"a defendant's notice of removal need only include a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold."135 S.Ct. 547, 553 (2014); *see also Coco-*

*Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285

(D.Kan. 2002); *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx.

775, 776 (10th Cir. September 8, 2005) (unpublished) (stating removal is proper if the

defendant identifies "allegations in the petition establishing the amount in controversy or 'set

---

[2]Plaintiff's Petition does not comply with Oklahoma's Pleading Code.  Title 12 O.S. § 2008 provides in pertinent part:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code, except in actions sounding in contract. **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.**

12 O.S. § 2008(2) (emphasis added).

forth in the notice of removal itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

20.     As this court has explained, "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant  v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) ("It is seemingly simple for plaintiff to state that she seeks damages in excess of, or not in excess of, the amount required for diversity jurisdiction, as she was statutorily required to do under Okla. Stat. Tit. 12, §§ 2008 and 2009, but she has not done so.").

21.     If the plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that '[R]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)).   When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. *Id.* at 554.

22.     The United States District Court for the Northern District of Oklahoma has

opined as follows:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court . . . . If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446, clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged . . . .
>
> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Klementovicz v. State Farm*, Case No. 19-CV-29-JED-FHM, 2019 U.S. Dist. LEXIS 51650,

at *3-4 (N.D. Okla. Mar. 27, 2019)(citing *Dark Cherokee Basin Operating Co., LLC v.*

*Owens*, 574 U.S. 81, 135 S. Ct. 547, 553-54 (2014)(internal citations omitted)(emphasis

added)).

23.     Even at this early juncture, it is clearly apparent from Plaintiff's Petition that

he may plausibly recover a sum in excess of the amount required for federal diversity

jurisdiction. This satisfies the monetary requirement for removal. Although Plaintiff's

Petition does not explicitly state he is or is not seeking in excess of $75,000.00 (in violation

of Oklahoma law), it is obvious that Plaintiff is seeking greater than $75,000.00 from Defendant.

24.    Plaintiff claims not only an unspecified amount in contractual damages, but he seeks attorney fees as well. "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins*. Co., 143 F.3d 1337, 1340 (10th Cir. 1998).

25.    36 Okla. Stat. § 3629 allows Plaintiff (or Defendant) to recover her/its attorney fees in this matter. According to the statutory language:

> A.    An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion for such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.

> B.    It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within sixty (60) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of his section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict as to rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

36 Okla. Stat. § 3629.

26.    Attorney's fees alone in other cases have met or exceeded the $75,000.00 threshold.  Indeed, in one of counsel for Defendant's cases involving bad faith, breach of contract, and punitive damages, the plaintiff was the prevailing party on the contract claim. *See* Judgment, *Harris v. Progressive Direct Ins. Co.*, Case No. 5:15-CV-01252, Docket No. 139, attached as **EXHIBIT 8**.  Although the plaintiff in that case recovered just $5,500.00 in actual damages for damage to a vehicle, plaintiff's counsel sought $137,625.00 in attorney's fees. *See* Application for Attorney's Fees, *Harris*, Docket No. 148, attached as **EXHIBIT 9**.[3] *See also Barnes v. Okla. Farm Bureau*, 11 P.3d 162 (Okla. 2000) (attorney fee of $300,000.00 awarded, reversed on appeal only because 36 Okla. Stat. § 3629(B) specifically prohibits attorney fee awards on UM claims); *Hambleton v. Canal Ins. Co.*, United States District Court for the Western District of Oklahoma, Case No. 09-cv-208-F, Docket No. 94, attached as **EXHIBIT 11** (Judge Friot awarded $72,982.50 in attorney fees pursuant to a § 3629 request on only $5,366.98 in contract damages).

27.    In addition to contractual damages and attorney fees, Plaintiff also seeks compensatory damages for Defendant's alleged bad faith claims handling.  Consistent with Oklahoma law, at trial Plaintiff would be allowed to seek bad faith damages for: (1) financial losses; (2) embarrassment and loss of reputation; and (3) mental pain and suffering. *See* Oklahoma Uniform Jury Instruction 22.4.

---

[3]The Application was denied.  Progressive's Application was granted and Progressive was awarded $131,462.00 in attorney fees. *See* **EXHIBIT10**.

28.    As the Court is well aware, awards in lawsuits for unspecified amounts of

compensatory damages, when concerning bad faith claims, frequently exceed the sum and

value of $75,000.00, exclusive of interest and costs.  *See Hellard v. Mid Century Ins.*

*Company*, CIV-19-43-GKF, N.D. Okla. (bad faith award of $800,000.00 in August 2021);

*Norris Auto Sales, LLC v. Zurich American Ins. Company*, Oklahoma County, CJ-2015-5686

(compensatory bad faith damages of $9,000,000.00 and punitive damages of $18,000,000.00

awarded by a jury in October 2021); *Swain v. United Automobile Ins. Company*, Sequoyah

County, CJ-2012-222 (compensatory bad faith damages of $25,000.00 and punitive damages

of $500,000.00 awarded in October 2021).

29.    Finally, Plaintiff has asserted a claim for punitive damages against Defendant.

(*See* Petition, WHEREFORE CLAUSE, p. 7, **EXHIBIT 2**.)  When punitive damages are

alleged, the Court may consider those damages in determining whether the requisite amount

in controversy exists.  The Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the
> jurisdictional amount in a diversity case, a two-part inquiry is
> necessary.  The first question is whether punitive damages are
> recoverable as a matter of state law.  If the answer is yes, the
> court has subject matter jurisdiction unless it is clear "beyond a
> legal certainty that the plaintiff would under no circumstances
> be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great*

*Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *see also Bell v. Preferred Life*

*Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and

punitive damages are recoverable under a complaint each must be considered to the extent

claimed in determining jurisdictional amount."); *Woodmen of World Life Ins. Soc'y v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408 at *3 (W.D. Okla. Nov. 16, 2009); *Flowers v. EZPawn Okla., Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004).

30.    Punitive damages have been alleged and are allowed by state law.  *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1105 (Okla. 2005) ("As applicable to this case, 23 O.S. 2001, § 9.1 provides that a jury may award punitive damages if it finds, by clear and convincing evidence, that an insurer has reclessly disregarded its duty to deal fairly and act in good faith with its insured [§ 9.1(B)] or an insurer has intentionally and with malice breached said duty. § 9.1(C)(2).")    Therefore, as stated in *Del Vecchio*, the question is

whether "it is clear beyond a legal certainty that the plaintiff would **under no circumstances** be entitled to recover the jurisdictional amount." 230 F.3d at 978 (emphasis added, internal quotations omitted).

31.     In Oklahoma, punitive damages are controlled by statute. *See* 23 O.S. § 9.1. There are three categories of punitive damages. Each category increases the amount a plaintiff can potentially recover. Plaintiff's Petition alleges facts that implicates at least Category I Punitive Damages. Category I punitive damages allows a jury upon finding that "the defendant has been guilty of reckless disregard for the rights of others" to award punitive damages in an amount not to exceed the greater of $100,000.00, or the amount of actual damages awarded. 23 O.S. § 9.1(B).

32.     *Singleton v. Progressive Direct Insurance Company*, 49 F.Supp.3d 988 (N.D. Okla. 2014) is particularly instructive. In that case, the plaintiff was involved in an automobile accident and sought UM/UIM benefits from her insurer. The plaintiff submitted a claim to her insurer and demanded policy limits. *Id.* at 990. After investigating and evaluating her claim, the plaintiff's insurer tendered the policy limits of her UM/UIM coverage. *Id.* Despite the tender of policy limits, the plaintiff filed a petition in Tulsa County District Court alleging claims for breach of contract and bad faith. *Id.* The plaintiff also sought punitive damages. As in this case, the plaintiff did not make a demand for a specific sum. *Id.* Instead, the plaintiff alleged that she suffered damages in excess of $10,000.00. *Id.*

33.     When the plaintiff continued to pursue her claims against her insurer, the

insurer timely removed the action to this Court. The insurer asserted the plaintiff's policy

limits demand combined with her request for punitive damages demonstrated to a

preponderance of the evidence that she sought to recover in excess of $75,000.00. *Id.* at 993.

The plaintiff moved to remand the case. The Court denied the plaintiff's motion. *Id.* at 993-

94. In doing so, the Court concluded:

> Considering the petition and notice of removal together, the
> court finds that [the insurer] has not merely offered a
> "conclusory statement" involving punitive damages, but has
> affirmatively established that the amount in controversy exceeds
> the jurisdictional limit. Where [the plaintiff] asked for actual
> damages exceeding $10,000, a punitive damages award of
> $65,000 or more would reach the jurisdictional threshold. This
> would require no more than a single-digit ratio of punitive
> damages to actual damages, even after [the insurer] deflated the
> denominator with a $100,000 payment just prior to the initiation
> of this action. [The plaintiff's] petition, meanwhile, alleges that
> [the insurer] failed to properly investigate her claim, delayed
> payments or withheld them altogether, and used its unequal
> bargaining position to overwhelm and take advantage of her,
> though it knew that she was entitled to receive $100,000 in UIM
> benefits under her policy. **These allegations supply the
> required facts supporting [the insurer's] assertion that <u>the
> value of [the plaintiff's] claim for punitive damages</u> exceeds
> the amount required to surpass the jurisdictional threshold.**

*Id.* at 994 (emphasis added).

34.     Here, as in *Singleton*, Plaintiff asserts claims for punitive damages. Also like

the plaintiff in *Singleton*, it appears Plaintiff has attempted to avoid this Court's jurisdiction

by alleging damages in an undisclosed amount. However, is this court is well aware, at trial,

Plaintiff clearly intends to seek damages in excess of $75,000.00. *See Murchinson v.*

*Progressive Northern Insurance Co.*, 564 F.Supp 2d 1311, 1316 (E.D. Okla. 2008) ("[M]any cases are just like this one: the plaintiff *knows* the amount sought exceeds $75,000.00. The defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00. The court *knows* that the parties themselves know it.")

35.     Progressive Direct has demonstrated that amount in controversy exceeds $75,000.00 and Plaintiff *could* recover in excess of $75,000.00. At a minimum, there is no question Plaintiff is seeking approximately $18,000.00 in contractual damages, $25,000.00 in attorney fees, $25,000.00 in compensatory bad faith damages and $25,000.00 in punitive damages.

36.     Therefore, the amount in controversy is also met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

37.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Plaintiff purportedly served Progressive Direct with this lawsuit on June 10, 2022. (*See* correspondence from the Oklahoma Insurance Department, **EXHIBIT 12**.) As such, 30 days have not elapsed since this action became removable to this Court. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on June 3, 2022, **EXHIBIT 2**.)

38.     Next, federal statute requires that none of the parties served as defendants be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b). Progressive Direct is not a citizen of the State of Oklahoma, the state in which this action was brought.

Further, as shown above, Progressive Insurance Company, a nonexistent entity, may be disregarded for purposes of diversity jurisdiction.

39.    This action has been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma.  The Western District of Oklahoma includes the County of Oklahoma County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

40.    Finally, pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been **properly joined and served** must join in or consent to the removal of the action." (emphasis added).  As Progressive Insurance Company is a nonexistent entity and has not been served, it needs not join or consent in this removal.  *See Davis*, 721 F.Supp.2d at 337.

41.    Pursuant to 28 U.S.C. § 1446(d), Progressive Direct will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive Direct has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Canadian County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Direct Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

*s/ Brad L. Roberson*

Brad L. Roberson, OBA No. 18819
Blake T. Burns, OBA No. 34621
Zachary L. Neighbors, OBA No. 34739
ROBERSON, KOLKER, COOPER, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:          brad@rkclaw.com
                    blake@rkclaw.com
                    zach@rkclaw.com

**ATTORNEYS FOR DEFENDANT,
 PROGRESSIVE DIRECT
 INSURANCE COMPANY**

17

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

George H. Brown, Esquire
Tony Gould, Esquire
Dane J. Flesch, Esquire
Brittney M. Flesch, Esquire

s/ Brad L. Roberson
For the Firm

I hereby certify that on June 29, 2022, I served the same document by U.S. Postal Service on the following who is not a registered participant of the ECF system:

Marie Hirst, Court Clerk
Canadian County Courthouse
301 North Choctaw Street
Post Office Box 730
El Reno, Oklahoma 73036

s/ Brad L. Roberson
For the Firm